IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY L. WILSON, JR. | ) | FILED: MAY 22, 2008 |
| | ) | 08CV2981         TC |
| Plaintiff, | ) | JUDGE DARRAH |
| | ) | MAGISTRATE JUDGE KEYS |
| v. | ) | |
| | ) | |
| MONTEREY FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury trial demanded |

## COMPLAINT

Plaintiff complains of defendant, stating:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d) because plaintiff asserts a claim under a federal statute, the Fair Debt Collection Practices Act (FDCPA).

2. Venue is proper in this district because plaintiff's claim arose in this district, and because defendant does business in this district.

### THE PARTIES

3. Plaintiff is a natural person residing in Cook County, Illinois.

4. Plaintiff is informed and believes that Defendant is a corporation.

5. On information and belief, defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

CAUSE OF ACTION

COUNT I

Claim for violation of FDCPA

7. Plaintiff re-alleges ¶¶1-6.

8. As part of their debt collection activities, defendant's collection representatives telephoned plaintiff at his jobsite.

9. At all relevant times plaintiff worked at the Jesse Brown VA Medical Center.

10. One of defendant's collection representatives, who identified himself as "Nathan" or "Nathaniel", called the nurse's station, on the floor where plaintiff works, or about October 25, 2007.

11. "Nathan" or "Nathaniel" told the nurse who answered the phone that he was calling from defendant and wanted to speak to plaintiff.

12. During this October 25, 2007 call, "Nathan" or "Nathaniel" told the nurse that plaintiff's wages would be subject to a wage assignment if plaintiff did not pay money that he owed.

13. On at least one additional occasion, "Nathan" or "Nathaniel", again called the nurse's station on the floor where plaintiff works.

14. On or about October 29, 2007, "Nathan" or "Nathaniel" told the nurse who answered the phone—a different nurse than the nurse who answered the October 25th call--that he was calling from defendant and wanted to speak to plaintiff.

15. During this October 29th call, "Nathan" or "Nathaniel" told the nurse that plaintiff's wages would be subject to a wage assignment if plaintiff did not pay money that he owed.

16. At no time did plaintiff consent to receiving telephone calls from defendant at his workplace, nor did he ever consent to defendant contacting his co-workers.

17. Defendant's calls to plaintiff's jobsite, in which defendant told plaintiff's coworkers that his wages would be assigned if he did not pay an alleged debt, have humiliated and upset plaintiff and caused him severe emotional distress.

18. By making these phone calls to defendant's co-workers, in the course of defendant's debt collection activities directed against plaintiff, defendant violated the FDCPA, 15 U.S.C. 1692c(b).

Wherefore, plaintiff prays that the Court enter judgment in his favor and against defendant, and (a) award damages pursuant to statute, (b) award costs and attorneys fees, and (c) award such other and further relief as is just and appropriate.

## JURY DEMAND

19. Plaintiff demands trial by jury.

/s/ Jonathan Nachsin

Jonathan Nachsin, P.C.
105 West Adams Street
Suite 3000
Chicago, IL 60603
(312) 327-1777
#6191376

Attorney for Plaintiff